UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-cv-11940-MLW

MAURY PAULINO,
     Plaintiff,

v.

SETH D. RICHARD, NICOLAS ONISHUK,
RICHARD DAVIS, SGT. JAMES MOORE, and
the CITY OF BOSTON
     Defendants.

## ANSWER OF DEFENDANT CITY OF BOSTON TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. The first sentence of paragraph 1 is introductory in nature and does not require an answer from Defendant, City of Boston (hereinafter, the "City"). The City denies the allegations contained in this sentence to the extent that they do allege facts or claims which pertain to it. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, fourth, and fifth sentences of paragraph 1. The City denies the allegations in the sixth sentence of paragraph 1 to the extent they pertain to it. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained within the sixth sentence of paragraph 1. The City admits the allegations contained in the seventh sentence of paragraph 1.

2. The first sentence of paragraph 2 is introductory in nature and does not require an answer from the City. To the extent that the first sentence of paragraph 2 does include factual allegations against the City, the City denies them. The City denies the remainder of the allegations contained in paragraph 2.

**JURISDICTION**

3. Paragraph 3 contains only a statement of jurisdiction and does not require an answer from the City.

**PARTIES**

4. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 4 and therefore neither admits, nor denies these allegations.

5. The City admits the allegations contained within the first sentence of paragraph 5. The second sentence of paragraph 5 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer. To the extent that paragraph 5 contains allegations of fact, the City admits the facts alleged to the extent that Richard was employed by the Boston Police Department on November 18, 2009. The third sentence of paragraph 5 contains no factual allegations and therefore, does not require an answer from the City.

6. The City admits the allegations contained within the first sentence of paragraph 6. The second sentence of paragraph 6 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer. To the extent that paragraph 6 contains allegations of fact, the City admits the facts alleged to the extent that Davis was employed by the Boston Police Department on November 18, 2009. The third sentence of paragraph 6 contains no factual allegations and therefore, does not require an answer from The City.

7. The City admits the allegations contained within the first sentence of paragraph 7. The second sentence of paragraph 7 contains no factual allegations but states only a legal

conclusion, and therefore, does not require an answer. To the extent that paragraph 7 contains allegations of fact, the City admits the facts alleged to the extent that Onishuk was employed by the Boston Police Department on November 18, 2009. The third sentence of paragraph 7 contains no factual allegations and therefore, does not require an answer from the City.

8. The City admits the allegations contained within the first sentence of paragraph 8. The second sentence of paragraph 8 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer. To the extent that paragraph 8 contains allegations of fact, the City admits the facts alleged to the extent that Moore was employed by the Boston Police Department on November 18, 2009. The third sentence of paragraph 8 contains no factual allegations and therefore, does not require an answer from The City.

9. The City admits the allegations in paragraph 9.

   **FACTS**

10. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 10 and therefore neither admits, nor denies these allegations.

11. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11 and therefore neither admits, nor denies these allegations.

12. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12 and therefore neither admits, nor denies these allegations.

13. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 13 and therefore neither admits, nor denies these allegations.

14. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14 and therefore neither admits, nor denies these allegations.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 15 and therefore neither admits, nor denies these allegations.

16. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 16 and therefore neither admits, nor denies these allegations.

17. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 17 and therefore neither admits, nor denies these allegations.

18. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 18 and therefore neither admits, nor denies these allegations.

19. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 19 and therefore neither admits, nor denies these allegations.

20. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 20 and therefore neither admits, nor denies these allegations.

21. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 21 and therefore neither admits, nor denies these allegations.

22. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 22 and therefore neither admits, nor denies these allegations.

23. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 23 and therefore neither admits, nor denies these allegations.

24. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 24 and therefore neither admits, nor denies these allegations.

25. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 25 and therefore neither admits, nor denies these allegations.

26. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 26 and therefore neither admits, nor denies these allegations.

27. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 27 and therefore neither admits, nor denies these allegations.

28. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 28 and therefore neither admits, nor denies these allegations.

29. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 29 and therefore neither admits, nor denies these allegations.

30. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 30 and therefore neither admits, nor denies these allegations.

31. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 31 and therefore neither admits, nor denies these allegations.

32. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 32 and therefore neither admits, nor denies these allegations.

33. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 33 and therefore neither admits, nor denies these allegations.

34. The City denies the allegations contained within the first sentence of paragraph 34 to the extent they pertain to it. The City is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained within the first sentence of paragraph 34 and therefore neither admits or denies these allegations. The second sentence of paragraph 34 contains no factual allegations but states only a legal conclusion, and therefore, does not require an answer.

35. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 35 and therefore neither admits, nor denies these allegations.

36. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 36 and therefore neither admits, nor denies these allegations.

37. The City admits the allegations contained within paragraph 37.

38. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 38 and therefore neither admits, nor denies these allegations.

39. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 39 and therefore neither admits, nor denies these allegations.

40. The City admits the allegations contained within paragraph 40.

41. The City denies the allegations contained within the first sentence of paragraph 41 to the extent they pertain to it. The City is without sufficient information to admit or deny the remainder of the allegations contained within paragraph 41 and therefore neither admits nor denies these allegations.

**COUNT I**      **42 U.S.C. § 1983 Claim Against Individual Defendants RICHARD, DAVIS, ONISHUK, and MOORE**

42. The City hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-41.

43. The allegations contained in paragraph 43 are not directed at the City, and therefore, no answer is required of it.

44. The allegations contained in paragraph 44 are not directed at the City, and therefore, no answer is required of it.

45. The allegations contained in paragraph 45 are not directed at the City, and therefore, no answer is required of it.

46. The City denies the allegations contained in paragraph 46 to the extent that they allege facts or claims which pertain to it.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 46 and therefore neither admits, nor denies these allegations.

47. The City denies the allegations contained in paragraph 47 to the extent that they allege facts or claims which pertain to it.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 47 and therefore neither admits, nor denies these allegations.

48. The City denies the allegations contained in paragraph 48 to the extent that they allege facts or claims which pertain to it.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 48 and therefore neither admits, nor denies these allegations.

**COUNT II     Massachusetts Civil Rights Act M.G.L. c. 12, § 11I Against Defendants RICHARD, DAVIS, ONISHUK, and MOORE**

49. The City hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-48.

50. The allegations contained in paragraph 50 are not directed at the City, and therefore, no answer is required of it.

51. The allegations contained in paragraph 51 are not directed at the City, and therefore, no answer is required of it.

52. The City denies the allegations contained in paragraph 52 to the extent that they allege facts or claims which pertain to it. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 52 and therefore neither admits, nor denies these allegations.

**COUNT III**  **Massachusetts Tort of Malicious Prosecution Against Defendants RICHARD, DAVIS, ONISHUK, and MOORE**

53. The City hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-52.

54. The allegations contained in paragraph 54 are not directed at the City, and therefore, no answer is required of it.

55. The City denies the allegations contained in paragraph 55 to the extent that they allege facts or claims which pertain to him. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 55 and therefore neither admits, nor denies these allegations.

**COUNT IV**  **42 U.S.C. § 1983 *Monell* Claim Against Defendant CITY OF BOSTON**

56. The City hereby repeats, re-alleged and incorporates herein its answers to paragraphs 1-52.

57. The City denies the allegations contained in paragraph 57.

58. The City admits the allegations contained within the first sentence of Paragraph 58. The City denies the remainder of the allegations contained within Paragraph 58.

59. The City admits the allegations in Paragraph 59.

60. The City denies the allegations in Paragraph 60.

61. The City denies the allegations in Paragraph 61.

62. The City denies the allegations in Paragraph 62.

63. The City denies the allegations contained within paragraph 63. To the extent that the second sentence of Paragraph 3 states a legal conclusion, the City is not required to answer.

64. The City denies the allegations contained within paragraph 64 to the extent that those allegations pertain to it. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained within paragraph 64 and therefore neither admits, nor denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of the City.

### THIRD AFFIRMATIVE DEFENSE

The City, at all times, acted in good faith upon reasonable belief and that its actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is by his own acts, omissions, or negligence estopped from asserting any claims against the City.

### FIFTH AFFIRMATIVE DEFENSE

The City's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

None of the City's acts or omissions was a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff. Nor were these alleged injuries or damages caused by any person or entity within the City's responsibility or control.

### SEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff is not entitled to any recovery against the City, pursuant to G.L. c. 258, and if the Plaintiff is entitled to recovery from the City, his recovery is limited pursuant to G.L. c. 258.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant City of Boston states that Plaintiff has failed to comply with the presentment requirements of G.L. c. 258.

### NINTH AFFIRMATIVE DEFENSE

The City is exempt from liability pursuant to G.L. c. 258 §10(b), (c), (h) and (j).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

There is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of Plaintiff's constitutional rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails because its employees, policymakers, and/or agents are shielded by the doctrine of qualified immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails because the City of Boston did not maintain a well-settled municipal custom, practice, or policy which by its implementation was deliberately indifferent to the constitutional rights of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails because no decision or action by other official of the City of Boston vested with policy making authority was deliberately indifferent to the constitutional rights of Plaintiff.

## **DEMAND FOR JURY TRIAL**

Defendant, City of Boston hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**CERTIFICATE OF SERVICE**

DEFENDANT, CITY OF BOSTON

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

William F. Sinnott,
Corporation Counsel

By its attorney,

/s/ Lisa Skehill Maki_____
Lisa Skehill Maki, BBO # 675344
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4022
Lisa.Maki@cityofboston.gov

2/3/12      /s/ Lisa Skehill Maki
Date       Lisa Skehill Maki