UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURY PAULINO,<br>  Plaintiff,<br><br>v.<br><br>SETH D. RICHARD, NICHOLAS ONISHUK, RICHARD DAVIS, SGT. JAMES MOORE and the CITY OF BOSTON<br>  Defendants. | DOCKET NO. 1:11 CV-11940-MLW |

### **SETH D. RICHARD's ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant, Seth D. Richard ("Richard"), answers the Plaintiff's Complaint as follows:

### **Introduction**

1. Richard answers the first sentence contains legal conclusion to which no response is required. To the extent the first sentence alleges facts, Richard denies them. As to the second sentence, Richard admits he arrested Mr. Paulino as to the remaining facts in the second sentence, Richard denies them. Richard denies the third sentence. Richard denies the fourth sentence. Richard denies the fifth sentence, except Richard admits he sprayed Mr. Paulino with pepper spray. Richard denies he brought baseless charges against Mr. Paulino. Richard admits the seventh sentence.

2. Richard answers that paragraph 2 contains legal conclusions to which no response is required. To the extent facts are alleged, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

## Jurisdiction

3. Richard answers paragraph 3 contains legal conclusions to which no response is required.  To the extent facts are alleged, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

## Parties

4. Richard answers that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5. As to the first sentence, Richard admits that he was a Boston police officer on November 18, 2009.  As to the second sentence, Richard admits his actions were taken under the color of the laws of the Commonwealth of Massachusetts.  As to the other allegations, Richard asserts that they are legal conclusions to which no response is required. To the extent facts are alleged, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Richard admits Richard Davis was a Boston Police officer on November 18, 2009.  As to the other allegations, Richard asserts that they are legal conclusions to which no response is required. To the extent facts are alleged, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Richard admits that Nicolas Onishuk was a Boston Police officer on November 18, 2009.  As to the other allegations, Richard asserts that they are legal conclusions to which no response is required. To the extent facts are alleged, Richard

lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8. Richard admits James Moore was a sergeant for the Boston Police Department on November 18, 2009. As to the other allegations, Richard asserts that they are legal conclusions to which no response is required. To the extent facts are alleged, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. Richard answers that paragraph 9 contains legal conclusions to which no response is required. To the extent facts are alleged, Richard admits Boston is a city in Massachusetts.

## FACTS

10. Richard answers that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. Richard answers that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Richard answers that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Richard admits Mr. Guerrero was in the lobby, but he denies that he followed him into the lobby. Richard admits the time was approximately 11:00 p.m.. As to the remaining allegations, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. As to the first sentence, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations as to what Mr. Paulino observed.  As to the second sentence, Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations as to what Mr. Paulino observed, except Richard admits Mr. Guerrero was using heated words while speaking to him (Richard).  Richard denies he had heated words with Mr. Guerrero.

15. Denied.

16. Richard denies he shoved or pushed Mr. Guerrero. Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations as to what Mr. Paulino saw or felt.  Further, Richard answers the second sentence is a legal conclusion and to the extent facts are alleged as to Richard, he denies them.

17. Denied.

18. Richard admits Mr. Paulino and Mr. Guerrero were outside the police station. Richard admits he approached Mr. Guerrero to arrest him again.  Richard denies he began pushing or shoving Mr. Guerrero.  Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18.

19. Richard denies Mr. Paulino was ten to fifteen feet away from the three police officers.  Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19, except he admits Mr. Paulino was recording.

20. Richard admits Mr. Paulino asked why Mr. Guerrero was going to be sprayed.  Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21. Denied.

22. Richard denies that he secured or began bringing Mr. Guerrero into the station.  As to the allegations as to Davis and Onishuk, Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22.

23. Denied.

24. Richard admits he turned toward Mr. Paulino when the other officers reached the entrance of the station.  As to the remaining allegations in paragraph 24, Richard denies them.

25. Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence.  As to the other allegations, Richard admits he grabbed Mr. Paulino and he was using force to bring Mr. Paulino into the station.

26. As to the first sentence, Richard denies it, except he admits he brought Mr. Paulino to the floor.  As to the remaining allegations in paragraph 26, Richard lacks knowledge or information sufficient to form a belief about their truth, except Richard admits he tried to restrain Mr. Paulino using his knee.

27. Richard admits Mr. Paulino moved his head while he was on the floor.  Richard denies he punched Mr. Paulino in the face.

28. Denied.

29.  As to the first sentence, Richard admits he sprayed Mr. Paulino twice with pepper spray.  Richard denies the remaining allegations of paragraph 29.

30. Richard states paragraph 30 contains a legal conclusion to which no response is required.  As to the facts alleged against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.  Richard denies there was any reason Mr. Paulino needed to be protected from Richard's conduct.

31.  In response to the first sentence, Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31.  Richard denies the second sentence of paragraph 31.

32. Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33. Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, except Richard admits he brought Mr. Paulino into the booking area.

34. Richard states paragraph 34 states legal conclusions to which no responses are required. To extent facts are alleged

against Richard, he denies them.  As to allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

35. Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35.

36. Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36.

37. Admitted.

38. Richard states paragraph 38 states legal conclusions to which no responses are required. To extent facts are alleged, Richard denies them.

39. Richard states paragraph 39, first sentence states legal conclusions to which no responses are required. To extent facts are alleged, Richard denies them.  Richard admits the second sentence.

40. Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40.

41.  Richard denies Mr. Paulino suffered any physical or emotional injuries as a result of his conduct. As to the remaining allegations in paragraph 41, Richard lacks knowledge or information sufficient to form a belief about their truth.

**Count I: 42 U.S.C. § 1983 Claim Against Individual Defendants, RICHARD, DAVIS, ONISHUK and MOORE**

42. Richard incorporates his responses to paragraphs 1- through 41 as if fully set forth herein.

43. Richard answers paragraph 43 contains legal conclusions to which no response is required.  To the extent facts are alleged against Richard, he denies same.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

44. Richard answers paragraph 44 contains legal conclusions to which no response is required.  To the extent facts are alleged against Richard, he denies same.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

45. Richard answers paragraph 45 contains legal conclusions to which no response is required.  To the extent facts are alleged against Richard, he denies same, except Richard admits the Plaintiff was arrested.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

46. Richard answers paragraph 46 contains legal conclusions to which no response is required.  To the extent facts are alleged against Richard, he denies same.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

47. Richard answers paragraph 47 contains legal conclusions to which no response is required.  To the extent facts are

alleged against Richard, he denies same.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

48. Richard answers paragraph 48 contains legal conclusions to which no response is required.  To the extent facts are alleged against Richard, he denies same.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

### Count II: Massachusetts Civil Rights Act, M.G.L. c. 12, §11I Against Defendants RICHARD, DAVIS, ONISHUK and MOORE

49. Richard incorporates his responses to paragraphs 1- through 48 as if fully set forth herein.

50. Richard answers paragraph 50 contains legal conclusions to which no response is required.  To the extent facts are alleged against Richard, he denies same, except Richard admits the Plaintiff was arrested.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

51. Richard answers paragraph 51 contains legal conclusions to which no response is required.  To the extent facts are alleged against Richard, he denies same.  As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

52. Richard answers paragraph 52 contains legal conclusions to which no response is required.  To the extent

facts are alleged against Richard, he denies same. As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

### Count III: Massachusetts Tort of Malicious Prosecution Against Defendants, RICHARD, DAVIS, ONISHUK and MOORE

53. Richard incorporates his responses to paragraphs 1- through 52 as if fully set forth herein.

54. Richard answers paragraph 54 contains legal conclusions to which no response is required. To the extent facts are alleged against Richard, he denies same, except Richard admits he had charges brought against Mr. Paulino and the charges were disposed of favorably to Mr. Paulino. As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

55. Richard answers paragraph 55 contains legal conclusions to which no response is required. To the extent facts are alleged against Richard, he denies same. As to the allegations against Onishuk, Davis and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

### Count IV: 42 U.S.C. §1983 Monell Claim against Defendant CITY OF BOSTON

56. Richard incorporates his responses to paragraphs 1- through 55 as if fully set forth herein.

57. Richard answers that paragraph 57 contains legal conclusions to which no response is required, and this claim is not made against him.  To the extent, facts are alleged against Richard, he denies them.  As to the allegations against the City of Boston, Richard lacks knowledge or information sufficient to form a belief about their truth.

58. Richard answers that the training bulletin speaks for itself. Further, Richard answers paragraph 58 contains legal conclusions to which no response is required, and this claim is not made against him.  To the extent, facts are alleged against Richard, he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58.  As to the allegations against Onishuk, Davis, Moore and the City of Boston, Richard lacks knowledge or information sufficient to form a belief about their truth.

59. Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59.

60. Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 60.

61. To the extent paragraph 61 alleges facts against Richard, Richard states the arrest report of Mr. Paulino speaks for itself.  Further, Richard admits he told Mr. Paulino that he did not have permission to record him (Richard) and this was in the arrest report.  Richard denies he arrested Mr. Paulino because he continued recording.  As to other Boston Police Officers and alleged facts contained in paragraph 61, Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61.

62. Richard denies the facts alleged in paragraph 62 to the extent they are alleged against him.  As to the remaining allegations, Richard lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62. As to the allegations against Onishuk, Davis, Moore and the City of Boston, Richard lacks knowledge or information sufficient to form a belief about their truth.

63. Richard lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 63.  As to the second sentence in paragraph 63, Richard admits he told Mr. Paulino that he did not have permission to record him (Richard).  As to other allegation in paragraph 63, Richard states they are legal conclusions to which no response is required.  As to the allegations against Onishuk, Davis, and Moore, Richard lacks knowledge or information sufficient to form a belief about their truth.

64. Richard answers that paragraph 64 contains legal conclusions to which no response is required, and this claim is not made against him.  To the extent, facts are alleged against Richard, he denies them.  As to the allegations against Onishuk, Davis, Moore and the City of Boston, Richard lacks knowledge or information sufficient to form a belief about their truth.

## **Affirmative Defenses**

### **First Defense**

Richard states that his actions are entitled to protection by a grant of qualified immunity.

### Second Defense

Richard states that no act or omission by him was a proximate cause of damages allegedly sustained by Plaintiff.

### Third Defense

Richard states that Plaintiff is estopped from bringing these claims by his own conduct.

### Fourth Defense

Richard states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore Plaintiff cannot recover.

### Fifth Defense

Richard states, at all times pertinent to this action, he acted in good faith and belief that all his actions were in accordance with the laws of the Commonwealth of Massachusetts and United States of America.

### Sixth Defense

Richard states that Plaintiff has failed to state claims for which relief can be granted.

### Seventh Defense

Richard states that any injury or damage suffered by Plaintiff was caused by others for whose conduct he is not responsible.

### Eighth Defense

Richard states that he was justified in his acts or conduct and therefore Plaintiff cannot recover.

### Ninth Defense

Richard states that his actions are entitled to protection by a grant of absolute immunity.

### Tenth Defense

Richard states he acted upon probable cause based upon reasonable grounds and the circumstances justified his conduct.

13

### Eleventh Defense

The Plaintiff has failed to mitigate his damages if any.

### Twelfth Defense

The Plaintiff's claims are barred by the statute of limitations.

### Thirteenth Defense

Richard is entitled to immunity because he was performing a discretionary function.

WHEREFORE: SETH D. RICHARD denies that Plaintiff is entitled to judgment, compensatory damages, punitive damages, attorney's fees, interest and costs against him. SETH D. RICHARD demands in judgment that the Plaintiff's Complaint be dismissed and he recover costs and reasonable attorney's fees, and any other relief the Court finds just.

### JURY DEMAND

SETH D. RICHARD demands a trial by jury as to all counts and causes of action so triable.

14

```
                              Respectfully submitted,
                              DEFENDANT,
                              SETH D. RICHARD
                              By his attorney:

                              /s/ L. Bostwick
                              _____
                              Elizabeth L. Bostwick,
                              BBO#644498
                              Attorney at Law
                              233 Needham Street, Suite 500
                              Newton, MA 02464
                              (T)(617) 244-7111
                              (F)(617) 224-0192
                              E-mail: liz@ebostwicklaw.com
```

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true copy of the above document was served upon all attorneys of record via ECF filing.**

**March 5, 2012     /s/ L. Bostwick**
**_____**
**Date         Elizabeth L. Bostwick**